**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

CASE NO.: 09-61256-CIV  COOKE/BANDSTRA

NEBULA GLASS
INTERNATIONAL, INC.,

      *Plaintiff*,

v.

BUDNICK CONVERTING, INC.

      *Defendant*.

_____/

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

THIS CASE is before me on Defendant's Motion to Dismiss [D.E. 6].  I have reviewed

the Parties' arguments, the record, and the relevant legal authorities.  For the reasons explained

below, Defendant's Motion to Dismiss is granted.

**I. BACKGROUND**

On June 5, 2009, Defendant, Budnick Converting, Inc., filed a lawsuit against Plaintiff,

Nebula Glass International, Inc., in Illinois State Court (the "Illinois Case").  On August 13,

2009, Nebula filed this lawsuit against Budnick, in the United States District Court for the

Southern District of Florida (the "Florida Case").  Nebula then removed the Illinois Case to

United States District Court for the Southern District of Illinois (docket number

09-cv-00646-DRH), on August 21, 2009.  On August 25, 2009, Nebula filed a counterclaim in

the Illinois Case which mirrors its complaint in the Florida Case.

**II.  LEGAL STANDARDS**

Under the "first-filed" rule, "[w]here two actions involving overlapping issues and parties

are pending in two federal courts, there is a strong presumption" that all claims should be heard

in the forum of the first-filed suit. *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir.

2005).  Once the moving party establishes that the issues and parties are "overlapping," any

"party objecting to jurisdiction in the first-filed forum [must] carry the burden of proving

'compelling circumstances' to warrant an exception to the first-filed rule." *Id.*  The first-filed

rule is premised on judicial economy, comity amongst the district courts, and the desire to avoid

potentially conflicting rulings. *E.E.O.C. v. Univ. of Pa.*, 850 F.2d 969, 977 (3d Cir. 1988).

### III.  ANALYSIS

Budnick argues that the Illinois Case was filed first, and there are no compelling

circumstances to justify an exception to the first-filed rule.  (Def.'s Mot. to Dismiss ¶ 15 [D.E.

6]).  Nebula does not dispute that the Illinois Case was filed first, however, Nebula asserts four

"compelling circumstances" to justify a departure from the first-filed rule.  (Pl.'s Resp. 5-6 [D.E.

9]).  Budnick replies that Nebula's arguments do not constitute "compelling circumstances," and

explains that several of Nebula's concerns are misplaced.  (Def.'s Reply 2-4 [D.E. 10]).

As a threshold matter I find that the Illinois Case was filed first.  Although the Illinois

Case began in state court and was subsequently removed to federal court, for purposes of

applying the first-filed rule, removal does not affect the primacy of the Illinois Case. *Cf. Matter

of Meyerland Co.*, 960 F.2d 512, 516 n.6 (5th Cir. 1992) ("[O]nce the case is removed, it is

treated as if it had commenced in federal court."); *cf. also First Republic Bank Fort Worth v.

Norglass, Inc.*, 958 F.2d 117, 119 (5th Cir. 1992) ("[W]hen case is removed the federal court

takes it as though everything done in state court had in fact been done in federal court.").

Additionally, since Nebula did not dispute Budnick's argument that the Illinois Case was the

first-filed, Nebula has waived any argument to the contrary. *See In re Egidi*, 571 F.3d 1156, 1163 (11th Cir. 2009).

It is also undisputed that the Illinois Case and the Florida Case involve overlapping issues and parties. Budnick is suing Nebula in Illinois for allegedly breaching the contract between the two parties to supply acrylic tape. Nebula is suing Budnick in Florida over the same alleged breach – to that point, Nebula's counterclaim in the Illinois Case is identical to its complaint in the Florida Case. These two cases involve exactly the same parties, and exactly the same issues. I find that this case fits squarely within the scope of the first-filed rule.

Nebula's substantive arguments against the application of the first-filed rule in this case center around the "compelling circumstances" that it contends exist in this case, namely that: (1) Nebula will incur additional costs of litigating this case is Illinois, since its principal place of business is in Florida; (2) Nebula will incur the expense of transporting its employee witnesses to Illinois to testify; (3) Nebula will incur the expense of transporting critical evidence from Florida to Illinois; and (4) statistics indicate that the Southern District of Florida disposes of cases quicker than the Southern District of Illinois.

The circumstances that Nebula presents are not "compelling." In fact, Nebula's concerns are ordinary circumstances that any company faces when conducting business on a national level. Shifting these costs from one party to the other is not equitable, especially in light of the fact that Budnick brought the Illinois Case first. Under these circumstances the first-file rule is properly employed in order to conserve judicial resources, to preserve comity amongst the district courts, and to ensure against potentially conflicting rulings.

-3-

## IV.  CONCLUSION

For the reasons explained above, it is **ORDERED and ADJUDGED** that Defendant's

Motion to Dismiss [D.E. 6] is **GRANTED**, this case is **DISMISSED** without prejudice.  The

Clerk is directed to **CLOSE** this matter.

**DONE and ORDERED** in chambers, at Miami, Florida, this 5th day of February 2010.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Ted E. Bandstra, U.S. Magistrate Judge*
*Counsel of Record*